ROBERT B. NUTTING v. CITY OF ST. PAUL.

July 15, 1898.

Nos. 11,192—(251).

**Death by Wrongful Act—Head of Sewer upon Unimproved Street —City not Liable.**

A platted street, which has never been opened for public travel, crosses a creek just above where the creek has been transformed into a covered sewer by the city.  A child of the age of six years, while playing at the head of the sewer, fell into the water, was carried down into the sewer and was drowned.  *Held*, the city is not liable.

Action in the district court for Ramsey county by plaintiff, as administrator of the estate of Margaret Connelly, deceased, to recover $5,000 damages for the wrongful death of plaintiff's intestate.  The cause was tried before Bunn, J., and a jury; and at the conclusion of plaintiff's testimony the case was dismissed, on the ground that he had failed to prove a cause of action.  From an order denying plaintiff's motion for a new trial, he appealed.  Affirmed.

*Henry C. James*, for appellant.

The city virtually set a trap in the street.  It put a stone wall so built as to make steps down to the water in the street along the east side of the creek, much more abrupt than the original bank, confining and deepening the creek, and it built the inclosed sewer just below, without any grating or protection whatever across the end thereof, and turned the creek into the sewer.  It was an absolute certainty that if, in high water, a child fell into the creek on the street, it could not escape, but must be drowned, rescue being out of the question.  The running water and the steps

down to it furnished a tempting bait to children, and the result was just as should have been anticipated, and upon the undisputed facts defendant is liable. Campbell v. City of Stillwater, 32 Minn. 308. The city violated its duty under its charter every moment it kept things in that condition; it had practically graded the street, and assumed control over it, and formal proceedings need not be shown. Lindholm v. City of St. Paul, 19 Minn. 204 (245); Phelps v. City of Mankato, 23 Minn. 276; Treise v. City of St. Paul, 36 Minn. 526; 2 Dillon, Mun. Corp. § 1009. The city is under the same liability for what it did off its street as a private owner. Mackey v. City, 64 Miss. 777; 15 Am. & Eng. Enc. 1155; Oliver v. Worcester, 102 Mass. 489; Danbury v. Town, 37 Conn. 109; Mootry v. Town, 45 Conn. 550; Simmer v. City of St. Paul, 23 Minn. 408.

Upon the principles of the turntable cases, plaintiff is entitled to recover. Bransom v. Labrot, 81 Ky. 638; Birge v. Gardner, 19 Conn. 506; Whirley v. Whiteman, 1 Head, 608; Mackey v. City, supra; Powers v. Harlow, 53 Mich. 507; Hydraulic v. Orr, 83 Pa. St. 332; City v. McMahon, 154 Ill. 141; Brinkley v. Cooper, 60 Ark. 545; Union Pac. Ry. Co. v. McDonald, 152 U. S. 262; Rauth v. Lloyd, 31 Pa. St. 358.

But while plaintiff is entitled to recover on the doctrine of the turntable cases, he is equally entitled to recover on another principle. The trap and bait were in or near a frequented street, and close to a well-defined line of public travel; and the decisions exonerating property owners from liability for dangerous structures on their premises are inapplicable. City v. Emmelman, 108 Ind. 530; City v. Hesing, 83 Ill. 204; Stack v. Portsmouth, 52 N. H. 221; Cobb v. Inhabitants, 14 Me. 198; Niblett v. Nashville, 12 Heisk. 684; O'Gorman v. Village of Morris, 26 Minn. 267; McMahon v. Mayor, 33 N. Y. 642; Beck v. Carter, 68 N. Y. 283; Barnes v. Ward, 9 C. B. 392; Hadley v. Taylor, L. R. 1 C. P. 53; 2 Dillon, Mun. Corp. § 1005; City of St. Paul v. Kuby, 8 Minn. 125 (154); Sanders v. Reister, 1 Dak. 151; Bassett v. City, 53 Mo. 290; Parker v. Mayor, 39 Ga. 725; Kiley v. City, 69 Mo. 102; Stoehr v. City of St. Paul, 54 Minn. 549; City v. Major, 18 Ill. 349; Ray v. City of St. Paul, 40 Minn. 458.

Whether, under the circumstances, the defendant exercised prop-

er care, was a question for the jury. Abbett v. Chicago, M. & St. P. Ry. Co., 30 Minn. 482; Tabor v. City of St. Paul, 36 Minn. 188; O'Malley v. St. Paul, M. & M. Ry. Co., 43 Minn. 289; Bennett v. Syndicate Ins. Co., 39 Minn. 254; City v. McMahon, supra; Emery v. Minneapolis Ind. Ex., 56 Minn. 460; Ericson v. Duluth & T. R. R. Co., 57 Minn. 26; Leonard v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 63 Minn. 489.

*James E. Markham* and *Carl Taylor*, for respondent.

East Fifth street, at the point where the accident occurred, was not a highway or a street opened and graded, in the sense that the city was bound to keep it in a reasonably safe condition. Even though there had been evidence to sustain appellant's contention that East Fifth street adjacent to the sewer was opened and graded, there is no evidence of negligence on the part of respondent in building or maintaining the sewer. Granting the right to build the sewer at all, the plan of its construction was one to be judicially determined by the proper city authorities; and applying the rule which has been laid down by this court in the cases of Blyhl v. Village of Waterville, 57 Minn. 115; Conlon v. City of St. Paul, 70 Minn. 216, the city would not be liable unless it appears that the plan which was adopted was so much more unsafe than any other plan which might have been adopted as to show negligence on the part of the authorities in determining upon a plan of construction. The city was not negligent in failing to provide guards or barriers about the sewer. Lineburg v. City of St. Paul, 71 Minn. 245; Stendal v. Boyd, 67 Minn. 279.

CANTY, J.

Phalen creek, in St. Paul, has been transformed by the city into a covered sewer for several blocks. The creek runs from the north to the south. A platted street known as "Fifth Street" extends east and west, and crosses the creek just north of the north end of the sewer. The south line of this street as platted is but a few feet north of the north end of the sewer. Commercial street extends north and south, and crosses Fifth street about a block east of the creek. As we shall show hereafter, Fifth street has never been open for public travel between Commercial street and the

creek, or for several blocks west of the creek. There is no bridge where Fifth street crosses the creek, but on the contrary the steep banks of the creek converge towards each other as they approach the head of the covered sewer at that point. On the east side is stone "riprapping," which becomes more steep as it approaches the sewer, and on the west side is a perpendicular plank curbing.

At times of high water large volumes of water pass down this creek and sewer. At one of those times, when the volume of water filled the sewer to within two or three feet of the top of it, plaintiff's intestate, a child of the age of six years, went down and stood on the stone wall or riprapping near the head of the sewer, placed one hand on a large post nearly in front of her, and stooped down to pick up leaves that were floating in the water, when she fell into the water, was carried into the covered sewer, and was drowned.

This action is brought to recover under the statute for the wrongful death, on the claim that the city had opened and graded Fifth street for public travel, and was negligent in failing to place guards along the banks at and near the head of the sewer, or in failing to put at the head of the sewer a grating which would have prevented the child from passing down with the water into the sewer. At the close of the evidence the court ordered a verdict for defendant, and from an order denying a new trial plaintiff appeals.

Appellant attempts to invoke the doctrine that the city is liable for failing to put up a guard or a railing to protect travelers on the street from dangerous places in or near the street. In answer to this it is only necessary to say, as before stated, that it does not appear that this part of Fifth street has ever been graded or opened for public travel. Both parties agree that this street was never opened for travel for several blocks west of the creek, and they also agree that it had been opened for travel east of Commercial street. The dispute is as to whether Fifth street was, at the time, graded and opened for public travel between Commercial street and the creek.

On several occasions prior to the time of the death of the child, the city scraped out and deepened Phalen creek just above the head of the sewer, and dumped some of the sand and dirt taken

out of the creek on to this part of Fifth street.  But on cross-examination plaintiff's witnesses admitted that this dirt was wasted in every place where it was convenient, and that they did not bring the street to any particular grade.  There was also testimony tending to prove that there were two slight ditches, one on each side of this part of the street.  But it conclusively appears from the evidence that there is in Fifth street, about 35 feet west of Commercial street, a steep bank or hill, which cannot be passed over by vehicles.  No vehicles ever pass over Fifth street from Commercial street to the creek, there is no sidewalk along this part of Fifth street, and there are no open or traveled streets connecting with Fifth street west of Commercial street.  Then this part of Fifth street would, if opened for public travel, be a mere cul-de-sac, and it would take much clearer evidence than there is in this case to prove that such a cul-de-sac has been opened for public travel.

Under these circumstances, plaintiff has failed to prove his case. We cannot hold that, under the circumstances, it was the duty of the city to put a grating or a row of bars in the water at the head of the sewer to keep children or other persons in the water from floating down into the sewer.

Order affirmed.